**31** ALEXANDRIA VLACHOS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendant. [31 NYS3d 583]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Gavrin, J.), entered October 29, 2014, as granted that branch of the motion of the defendants New York City Transit Authority and MTA Bus Company which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants New York City Transit Authority and MTA Bus Company which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident is denied.

The defendants New York City Transit Authority and MTA Bus Company (hereinafter together the defendants) met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955,

956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the plaintiff's left shoulder did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to her left shoulder through the affirmed report of her treating orthopedist (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]).

Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Hall, J.P., Cohen, Miller and Barros, JJ., concur.